IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | CASE NO. <u>2:06-cr-189-KOB-TMP</u> |
| ) | |
| **JAMES DAVID KIRCUS** ) | |

**PLEA AGREEMENT**

The United States of America and defendant JAMES DAVID KIRCUS hereby acknowledge the following plea agreement in this case:

<u>**PLEA**</u>

The defendant agrees to plead guilty to **COUNT ONE** and **TWO** of the Indictment filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below.

<u>**TERMS OF THE AGREEMENT**</u>

**I. <u>MAXIMUM PUNISHMENT</u>:**

The Parties understand that the maximum statutory punishment that may be

imposed for the crime of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1), as charged in COUNT ONE, is:

    a.    Imprisonment for not more than 10 years;

    b.    A fine of not more than $250,000, or,

    c.    Both (a and b);

    d.    Supervised release of not more than 3 years; and

    e.    Special Assessment Fee of $100 per count.

The Parties further understand that the maximum statutory punishment that may be imposed for the crime of Possession of an Unregistered Firearm, in violation of Title 26, United States Code, Section 5861(d), as charged in COUNT TWO, is:

    a.    Imprisonment for not more than 10 years;

    b.    A fine of not more than $250,000;

    c.    Supervised release term of not more than 3 years; and

    d.    Special Assessment Fee of $100 per count.

## II. **FACTUAL BASIS FOR PLEA**:

The United States would be prepared to prove the following facts at the trial of this case:

On September 22, 2005, Centerpoint firefighters responded to a call at 420 21st Avenue, NE, Birmingham, AL, the residence of defendant James David Kircus and his sister, Kathie Bates. The fire department had been alerted after a controlled burning that Kircus had started in his backyard got out of hand. Once there, the firefighters were advised that there could be explosive devices inside the defendant's house; so, they notified ATF and the Jefferson County Bomb Squad, which were immediately dispatched to the scene.

Upon arrival, Jeffco Deputies Taylor and Forester placed the defendant in the back of their patrol car. Kircus was temporarily secured in the vehicle because of his refusal to stay outside of his house. While in the backseat, the defendant began to shout obscenities at his sister and hit his head against the inside of the car. Consequently, he was removed from the vehicle, handcuffed, and placed under arrest for disorderly conduct.

The deputies then spoke to Daniel Long and Josh Hunsaker, two Mormon missionaries who had been meeting with Kircus at his house for a couple of months. From these witnesses, they learned that the defendant had possession of an AK-47 rifle and a shotgun,[1] had recently threatened suicide, and had also

---

[1] The defendant's sister, Kathie Bates, told deputies that her brother had a pistol, too.

indicated an intent to kill his friends. In addition, the witnesses told the deputies that two days before, on September 20, Kircus had shown them a pale yellow compound, which, according to Kircus, was comprised of corn syrup, ammonia, and moth balls that had been distilled from nitro-glycerin.

After obtaining consent to search from the defendant's sister, the co-owner of the house, the deputies and ATF agents went inside the residence. During the search of the garage/basement area, bomb technicians discovered two possible devices: one device consisted of a glass jar containing a liquid substance and a homemade detonator; the other device was a fully manufactured pipe bomb. Deputies removed the devices to the driveway and disrupted them. Also found in the basement were a S&W 10 mm pistol and a MAADI 7.62 x 39 Egyptian rifle. Subsequent analysis by ATF confirmed that the second device found was, in fact, a functional pipe bomb and that it was never registered to Kircus in the National Firearms Registration and Transfer Record.

An NCIC records search revealed that at the time of this arrest, Kircus was wanted in Georgia on two outstanding warrants. Court documents show that prior to this incident, Kircus had been convicted of a number of felony offenses, including: Receiving Stolen Property (three counts), Breaking/Entering of a Vehicle, Interference With Government Property - Criminal Attempt, Felon in

Possession of a Firearm, and Aggravated Battery.

Neither the pistol nor the rifle was manufactured in the State of Alabama. Both have been test-fired and found to be functional.

The defendant hereby stipulates that the facts as stated above are substantially correct.

x /s/ James David Kircus
JAMES DAVID KIRCUS

## III. RECOMMENDED SENTENCE:

Pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

(a) That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

(b) That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the middle of the advisory guidelines range, as determined by the court on the day sentence is pronounced;

(c) That following the said term of imprisonment, the defendant be

placed on supervised release for a period of 3 years, subject to the standard conditions of supervised release as set forth in USSG § 5D1.3, and to the following special condition: That the defendant be required to participate in an approved mental health program during the term of his supervised release.

(d) That the defendant be required to pay a fine consistent with the low end of the guidelines range, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e) That the defendant pay a Special Assessment fee of $200, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF:

**In consideration of the recommended disposition of this case, I, JAMES DAVID KIRCUS, hereby waive and give up my right to appeal my conviction in this case, as well as any fines, restitution, and/or sentence the court might**

impose upon me. Further I waive and give up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

> (a)  Any sentence imposed in excess of the applicable statutory maximum sentence(s); and
>
> (b)  Any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the court at the time sentence is imposed.

The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing Guidelines and their application to his case with his attorney, who explained them to his satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, JAMES DAVID KIRCUS, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs,

**and that I am knowingly and voluntarily entering into this waiver.**

*/s/ James David Kircus*
JAMES DAVID KIRCUS

## V. UNITED STATES SENTENCING GUIDELINES:

Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT:

The Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court need not accept the government's recommendation. Further, the defendant

understands that if the Court does not accept the government's recommendation, he does not have the right to withdraw his plea.

## VII. **VOIDING OF AGREEMENT:**

The defendant understands that should he (a) violate any federal, state, or local law after entering into this Plea Agreement, (b) move the Court to accept his plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained therein.

## VIII. **OTHER DISTRICTS AND JURISDICTIONS:**

The parties understand and agree that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:

Unless otherwise specified herein, the parties understand and acknowledge that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## X. DEFENDANT'S UNDERSTANDING:

I have read and understand the provisions of this agreement consisting of 12 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE,**

**NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated hereafter:


I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate I have read and approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.

2-3-07
DATE

_James David Kircus_
JAMES DAVID KIRCUS
Defendant

## XI. COUNSEL'S ACKNOWLEDGMENT:

I have discussed this case with my client in detail and have advised of his rights and all possible defenses. My client has conveyed to me that he understands

this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

7/3/07
DATE

_____
BRET M. GRAY, ESQ.
Defendant's Counsel

## XII. GOVERNMENT'S ACKNOWLEDGMENT:

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

ALICE H. MARTIN
United States Attorney

7/5/07
DATE

_____
WILLIAM G. SIMPSON
Assistant United States Attorney

Revised January 2007